UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TERESA F. CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:08-CV-29 |
| | ) | (GREER / SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 9 and 10] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 and 15]. Plaintiff Teresa F. Crawford seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Commissioner.

On November 10, 2004, the Plaintiff filed an application for disability insurance benefits, claiming disability as of September 1, 2000. [Tr. 39.] After her application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On March 6, 2007, a hearing was held before an ALJ to review determination of the Plaintiff's claim. [Tr. 265-78.] On March 29, 2007, the ALJ found that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ Findings

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through June 30, 2005, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's degenerative changes of the lumbar spine and right knee are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P of Regulation No. 4.
>
> 5. The undersigned finds that the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity for light work, with an emotional impairment with restrictions regarding the ability to perform work-related activities as cited by Ms. Jones in Exhibit B7F.
>
> 7. The claimant's past relevant work as food delivery driver did not require the performance of work-related activities precluded by her residual functional capacity. (20 C.F.R. § 404.1565).
>
> 8. The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work.
>
> 9. The claimant was not under a "disability" as defined in the Social Security Act, at any time

> through the date of the decision (20 C.F.R. § 404.1520(f)).

[Tr. 14-21.]

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### IV. Analysis

On appeal, the Plaintiff argues that substantial evidence does not support the ALJ's disability

4

determination. The Plaintiff contends the ALJ erred by: (A) failing to adequately assess Plaintiff's ability to perform each of the functions required of light work and (B) failing to properly consider Plaintiff's allegations of migraine headaches and the effect of these headaches on Plaintiff's ability to work. [Doc. 10.] The Commissioner contends that substantial evidence supports the ALJ's finding as to the Plaintiff's ability to perform light work. [Doc. 15.] The Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### A. *Plaintiff's Ability to Perform Light Work*

The Plaintiff argues that the ALJ erred by failing to properly assess Plaintiff's ability to perform the functions required of light work. [Doc. 10 at 8.] The Commissioner contends that the ALJ's finding that Plaintiff could perform a range of light work is supported by substantial evidence, particularly due to the absence of time-relevant medical evidence to support Plaintiff's claims of functional limitations. [Doc. 15 at 7.]

Plaintiff points to Social Security Ruling 96-8p to bolster her claim that the ALJ failed to assess Plaintiff's ability to perform light work functions. The first passage quoted states that "[t]he [Residual Functional Capacity] assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." [Doc. 10 at 8.] The ALJ considered the Plaintiff's allegations of functional limitations but found that the record did not support the existence of impairments that would involve severe to disabling symptoms. Significantly, Plaintiff did not produce evidence of treatment for any impairment from August 18, 2004, the alleged onset date of disability, through June 30, 2005, the date she was last insured. Instead, the record consists of older records dated prior to August 18, 2004, primarily

5

concerning esophageal complaints, an endoscopy, a colonoscopy, and anemia. [Tr. 88-103, 115-17, 120-30, 134-38, 140-42, 215-16, 259-60.] Pre- and post-esophageal surgery records and records of an annual gynecological exam after June 30, 2005 are also included. [Tr. 177-209, 210-14, 221-35.] It appears that the only records within the applicable time frame for determining a disability in this case are mammogram records from March 2005. [Tr. 143-44.]

The ALJ found that Plaintiff's medical records and medical testing indicated only mild changes to her condition, she did not regularly seek medical treatment for pain, and no physician found that Plaintiff was totally disabled or directed her to restrict her activities. [Tr. 19.] There was no evidence in the record to support functional limitations of such severity that Plaintiff required ongoing treatment for pain or would not be able to perform light work. [Tr. 19.] The ALJ also noted that Plaintiff's conflicting statements about her abilities and daily activities damaged her credibility. [Tr. 19.] The lack of credibility, coupled with the medical evidence in the record, resulted in a finding that the claimant could perform past relevant work as a food delivery driver or other positions involving light work.[1]

Furthermore, the applicable requirements for light work positions were consistent with Plaintiff's abilities as determined by physician evaluation. Dr. Samuel Breeding completed a consultative physical examination in July 2005 and found that Plaintiff could lift 25 pounds occasionally and could sit or stand for six to eight hours in an eight-hour day; the state agency physician came to a similar conclusion after reviewing Plaintiff's medical records, finding that she

---

[1] Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b) and 416.967(b). In addition to this requirement, a job is classified as light work when "it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm of leg controls." Id.

6

Case 2:08-cv-00029-JRG-CCS   Document 16   Filed 01/05/09   Page 6 of 9   PageID #: 64

could sit and stand for six hours in an eight-hour day, lift 10 pounds frequently, and lift 20 pounds occasionally. [Tr. 164-75.] The evidence of record supports the ALJ's decision, and the decision is consistent with applicable law. The Court finds that the ALJ's decision that Plaintiff is capable of performing light work was supported by substantial evidence.

### B.     *Plaintiff's Migraine Headaches*

The Plaintiff argues that the ALJ erred in failing to consider Plaintiff's testimony regarding migraine headaches that occur four to five times a month and cause her to be bedridden for a couple of days during each occurrence. [Doc. 10 at 10.] The Plaintiff claims that the ALJ's failure to address this testimony is reversible error. The Commissioner contends that the ALJ addressed Plaintiff's allegations of migraine headaches in the decision but found that the minimal treatment sought contradicted Plaintiff's claims of severe, disabling pain. [Doc. 15 at 8-9.] The record shows that the ALJ did expressly address Plaintiff's claims of pain from migraine headaches in the opinion but did not find that the pain was a severe impairment with resulting work-related limitations. [Tr. 16.]

The Plaintiff cites to the test for evaluating subjective complaints of pain in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847 (6th Cir. 1986). The Duncan two-prong test requires objective medical evidence of severe pain as well as evidence that the medical condition is so severe that it would produce disabling pain. Id. at 853. Contrary to Plaintiff's claims, Duncan does not support a finding of disability based on Plaintiff's testimony of severe pain from migraines. Instead, the Court of Appeals set forth the standard that subjective complaints must be coupled with objective evidence of the condition and documentation of its severity. Although Duncan's physicians noted his complaints of pain, there was no objective evidence in his medical records that this pain was severe or disabling. Id.

7

The Plaintiff in this action claims that objective evidence is documented by notations of a history of headaches by three physicians; however, these physicians based these notations on Plaintiff's reports of pain without objectively determining the severity, and the ALJ found that Plaintiff's complaints of severe pain could not be reconciled with the minimal treatment sought. [Doc. 10 at 12-14, Tr. 16.] Plaintiff never consulted with a neurologist and only took over-the-counter Excedrin to treat these migraines until she was prescribed Isometheptene on August 4, 2006. [Tr. 232-35.] It is important to note that this August 4, 2006 visit to Dr. Morawski was only for Plaintiff's annual gynecological exam and not for migraine pain treatment. [Tr. 17, 232.] Furthermore, the Commissioner correctly notes that this prescription cannot be considered in evaluating Plaintiff's claims of disability because Plaintiff was required to prove disability prior to June 30, 2005, the date her insurance expired. [Doc. 15 at 9.] The Commissioner also notes that Plaintiff denied having problems with headaches, nausea, or numbness in August 2005, two months after her last insured date of June 30, 2005. [Tr. 180-82.]

The ALJ properly considered the Plaintiff's claims of severe and disabling pain from migraines as required in 20 C.F.R. § 404.1529(a), which notes:

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs or laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which . . . would lead to a conclusion that you are disabled.

Accordingly, the ALJ found that Plaintiff's complaints of disabling pain were not supported by objective medical evidence. The ALJ's decision that the Plaintiff was not "disabled" by migraine pain as of the applicable date is supported by substantial evidence.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine the Plaintiff is capable of performing light work. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment [Doc. 9] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).